RANDALL YODER, DAISY LAIL, JERRY CHATHAM, GLENN DAMERON AND LILLIAN FREY v. THE BOARD OF COMMISSIONERS OF BURKE COUNTY AND THE INDIVIDUAL MEMBERS THEREOF: JOHN A. BLEYNAT; ALFRED W. HAMER, JR.; LEIGHTON W. HARBISON; JOSEPH A. McGIMSEY, JR.; AND EVERETT ECKARD; AND WILLIAM M. AVERY, TAX COLLECTOR OF BURKE COUNTY

No. 7025SC167

(Filed 6 May 1970)

Schools § 7;   Taxation § 6——   school capital reserve fund —— validity of statute —— necessary expense

G.S. 115-80.1 authorizing the county board of commissioners to levy an ad valorem tax for a County School Capital Reserve Fund, which is to be used for the purpose of anticipating school capital outlays, is a valid exercise of legislative authority; the creation of such fund is for a "necessary expense" within the meaning of N. C. Constitution, Art. VII, § 6, and does not require a vote of the people.

APPEAL by plaintiffs from *Martin (Harry C.), J.,* 6 October 1969 Special Session of Superior Court held in Burke County.

On the alleged grounds that it was "unlawful, unconstitutional, and contrary to the law of the land of North Carolina," the plaintiffs sought to restrain the Board of Commissioners of Burke County from levying and collecting for the year 1969-1970 a tax of $0.65 on the $100 of assessed valuation of property in Burke County for the purpose of establishing a Burke County School Capital Reserve Fund (Reserve Fund).

A show cause order was entered on 3 October 1969 requiring defendants to appear in superior court on 8 October 1969, or as soon thereafter as the matter could be heard, and show cause why a restraining order should not be issued enjoining them from levying and collecting taxes for the Reserve Fund.

After hearing the evidence of the defendants, the plaintiffs offering none, Judge Martin made findings of fact, conclusions of law, and entered judgment as follows:

"THIS CAUSE COMING ON TO BE HEARD and being heard by the undersigned judge presiding at the October 6, 1969, special term of the Burke County Superior Court, upon show cause order signed by Judge J. W. Jackson on October 3, 1969, and complaint contesting the 1969-70 levy of a tax of $ .65 on the $100.00 of assessed valuation by the Burke County Board of Commissioners for the purpose of establishing a School Capital Outlay Reserve Fund;

Upon the evidence offered at said hearing the Court makes the following findings of fact:

(1) That many of the school buildings in Burke County by reason of age, size, design and location are unsuited for effective secondary education of pupils in said county.

(2) That the Board of Education of Burke County by reason of its investigations and deliberations were familiar with the conditions of said schools and their needs prior to its request to the Board of County Commissioners for funds necessary to meet said needs.

(3) That the State Board of Education several months prior to the submission by the County Board of Education of its budgetary needs to the County Commissioners, had written a report to the County Board of Education pointing out the inadequacies of several of the school buildings in said county.

(4) That the County Commissioners and School Board met in joint, public sessions on several occasions prior to the formal budgetary request presented by the School Board to the Commissioners on June 23, 1969.

(5) That the School Board prior to June 23, 1969, determined that a $ .65 levy on the $100.00 of assessed valuation was needed for a School Capital Outlay Reserve Fund 'for the purpose of anticipating future needs for school capital outlay and for financing all or a part thereof' pursuant to G.S. 115-80(a) and that the budgetary request presented to the Commissioners on June 23, 1969, actually reflects said needs.

(6) That the School Board determined that its minimal needs for a School Capital Outlay Reserve Fund would be $1,238,-250.00 of which $39,000.00 was available from other revenues, leaving $1,199,250.00 which would take a tax levy of $ .65 on the $100.00 of assessed valuation and that said sum is reflected in the county budget which was offered in evidence, without objection on the part of plaintiffs.

(7) That the Board of Commissioners held a public hearing on March 24, 1969, on said School Capital Outlay Reserve Fund.

(8) That said Board of Commissioners meeting on June 26, 1969, adopted its budget and as a part thereof the $ .65 on $100.00 of assessed valuation to provide the necessary funds for the School Board's requested School Capital Outlay Reserve Fund.

Upon the foregoing findings of fact the Court makes the following conclusions of law:

(1) That G.S. 115-78(c) is proper authority for items such as buildings and grounds, etc.

(2) That G.S. 115-80.1 is authority for defendants to levy an ad valorem tax to fund a School Capital Outlay Reserve Fund and that such statute is constitutional.

(3) That the action of defendants is not violative of Article VII, Sections 6 and 10 of the Constitution of North Carolina.

(4) That the action of defendants is not violative of Article V of the Constitution of North Carolina.

(5) That the action of defendants is not violative of Article I, Section 17 of the Constitution of North Carolina.

(6) That the requirement of G.S. 115-80(a) that boards of education submit their respective budgets to boards of county commissioners on or before the fifteenth day of June is ministerial and directory in nature and not mandatory and that a failure of said board of education to submit its budget to the board of county commissioners by June 15 in no way affects the validity of the tax levy in question.

(7) That the tax levy of $ .65 on the $100.00 of assessed valuation for the purpose of establishing a School Capital Outlay Reserve Fund in the instant case is in no manner confiscatory in nature but to the contrary is a valid exercise of the Board of Commissioners' duties and powers and is consistent with the statutory and constitutional limitations of the laws of North Carolina.

THEREFORE, IT IS ORDERED, ADJUDGED AND DE- CREED that plaintiffs' motion to enjoin the Burke County Board of Commissioners from levying a tax of $ .65 on $100.00 of assessed valuation to establish a School Capital Outlay Re- serve Fund for the year 1969-70 be and the same is hereby de- nied.

Further, upon its own motion, the Court sustains a demurrer to the complaint for reasons set forth in foregoing findings of fact and conclusions of law and said cause of action is therefore dis- missed."

Plaintiffs assigned error and appealed to the Court of Appeals.

*George S. Daly, Jr., for plaintiff appellants.*

*H. L. Riddle, Jr., and Dan R. Simpson for defendant appellees.*

MALLARD, C.J.

In their briefs plaintiffs and defendants are in accord that the question presented by this appeal is whether the Reserve Fund created by the Burke County Board of Commissioners, without approval by vote of the people, was a "necessary expense" within the meaning of Article VII, Section 6, of the North Carolina Constitution.

G.S. 115-80(c) reads: "Capital Outlay Budget. — In the same manner and at the same time each county and city administrative unit may file with the board of county commissioners a capital outlay budget, subject to the approval of the said board." The statutory authority of a board of county commissioners applicable to the establishment of and levying a tax for a capital outlay budget is thus the same as that applicable to the county-wide current expense fund budget for schools under G.S. 115-80(a).

The statutory authority for the establishment of a county school capital reserve fund is contained in G.S. 115-80.1, which reads in part as follows:

"A capital outlay budget of any school administration unit within the county may contain an amount to be appropriated for payment into a special fund which shall be designated '............................. County School Capital Reserve Fund,' hereinafter referred to as 'the reserve fund.' Such amount, together with similar amounts which may be contained in subsequent capital outlay budgets of any such school administrative unit, shall be for the purpose of anticipating future needs for school capital outlay and for financing all or a part of the cost thereof
* * * "

Since the county school capital reserve fund is, by the above quoted portion of the statute, authorized to be contained in the capital outlay budget, the statutory authority of a board of county commissioners applicable to the establishment of and levying a tax for a county school capital reserve fund is thus the same as that applicable to the county-wide current expense fund budget under G.S. 115-80(a).

In *Harris v. Board of Commissioners*, 274 N.C. 343, 163 S.E. 2d 387 (1968), the Supreme Court held, among other things, that G.S. 115-80(a) authorized a board of county commissioners to levy a tax on property to supplement teachers' salaries without approval of the

electorate. In *School District v. Alamance County*, 211 N.C. 213, 189 S.E. 873 (1937), it was held that the operation of the public schools as required by the Article IX of the Constitution was a "necessary expense" not requiring a vote of the electorate.

The capital outlay fund provides, among other things, for the purchase of school sites, the erection of all school buildings properly belonging to school plants, improvement of new school grounds, alteration and addition to buildings, purchase of furniture, equipment, trucks, automobiles, and school buses. G.S. 115-78(c). No one can logically argue that the foregoing are not necessary in the operation of the public schools. See also *Frazier v. Comrs.*, 194 N.C. 49, 138 S.E. 433 (1927) and *Harris v. Board of Commissioners*, 1 N.C. App. 258, 161 S.E. 2d 213 (1968).

We are of the opinion that the principles of law enunciated by the Supreme Court in *Harris v. Board of Commissioners, supra,* and in *School District v. Alamance County, supra,* are applicable in this case. We hold that G.S. 115-80.1 is a valid exercise of legislative authority and that the Reserve Fund created by the Burke County Board of Commissioners is a "necessary expense" within the meaning of Article VII, Section 6, of the North Carolina Constitution.

Plaintiffs excepted to each finding of fact and to many of the conclusions of law. Some of these exceptions they have abandoned by not bringing them forward in their brief. However, we are of the opinion that the evidence offered supports the findings of fact and that the findings of fact support the conclusions of law stated.

We hold that Judge Martin correctly entered the judgment denying plaintiffs' motion for a restraining order and in dismissing plaintiffs' action.

Affirmed.

MORRIS and VAUGHN, JJ., concur.